## TERRITORY OF HAWAII *v.* MORITA KAIZO.

ERROR TO CIRCUIT COURT, FOURTH CIRCUIT.

SUBMITTED OCTOBER 15, 1906.    DECIDED OCTOBER 23, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

HOMICIDE—*evidence.*

> In a prosecution for murder where the plea is self defense, the defendant testifying that the deceased had a bad feeling towards him, had abused him frequently, struck him with his fist, spit on him, chased him with a knife, and threatened to take his life, and that he was afraid that he would take his life, and it also appearing in evidence that the reputation of deceased for being a violent, dangerous, vindictive, revengeful man was very bad, which reputation was known to defendant, it was not erroneous to refuse to allow defendant to show that the rest of the Japanese community were in fear of the deceased, that the defendant knew of a certain assault made by the deceased on a third party, that the deceased stated to defendant acts of violence he had committed, that defendant knew of the violent character of deceased, and that defendant knew of acts of violence committed by deceased.

OPINION OF THE COURT BY WILDER, J.

The defendant was convicted of murder in the first degree in the circuit court of the fourth circuit and comes to this court on writ of error. He admitted the killing but claimed that he was acting in self defense. The only assignments of error relied on by him and argued in his brief relate to the admissibility of evidence tending to show the violent and dangerous character of Moriyama, the deceased, which he claims he was not allowed to show. The trial court on objection by the Territory refused to allow the following questions to be answered:

"In what regard was he (deceased) held, if you know, in what regard was he held by the rest of the Japanese community as to whether or not they were in fear of him?

"I will ask you whether or not you know or knew on the 1st day of January, 1905, and some time previous to that of a certain assault that Moriyama the deceased made on Kobataki?

"I will ask you whether or not in some of the conversations you have had with Moriyama he stated to you any particular acts of violence?

"I will ask you if you knew at the time of the death of Moriyama and previous to that of the violent character of the deceased?

"Will you—do you know personally of any definite act of violence committed by the deceased Moriyama which was known to the defendant Morita Kaizo prior to January 1, 1905?"

The first four questions were put to the defendant and the fourth to a witness, Kobataki, called for the defendant.

The trial court did not refuse to admit evidence tending to show the violent and dangerous character of the deceased. On the contrary a large amount of such evidence was allowed in and the jury was instructed in regard thereto. The transcript of evidence shows that the defendant testified without objection that the deceased had always had a bad feeling towards him during their six months' acquaintance, that he had abused him frequently, that on different occasions he had struck him with his fist, spit on him, chased him with a big knife and threatened to take his life, that he was afraid the deceased would take his life, that he knew the reputation of the deceased in the community for being a violent and dangerous man and that it was bad; and that several witnesses, called on behalf of the defendant, testified that the reputation of deceased for being a violent, dangerous, vindictive and revengeful man was very bad. We fail to see that any harm resulted to defendant by reason of the refusal to allow the questions to be answered. Defendant was allowed to introduce evidence tending to show all material matters covered by the questions. The view taken by us ren-

ders it unnecessary to refer to any of the cases cited by defendant.

The other assignments of error are not argued by defendant in his brief and are not apparently relied on. One of them has already been passed upon by this court in *Territory v. Morita Kaizo,* 17 Haw. 295.

The judgment of the lower court is affirmed.

*F. W. Milverton, Deputy Attorney General,* for plaintiff.
*Carl S. Smith* for defendant.